[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants' motion to dismiss for failure to make out a prima facie case is granted with respect to counts 3 and 5, CT Page 11768 which allege a constructive fraudulent transfer, because plaintiff produced no evidence of the financial condition of Richard Lecuyer on or about October 10, 1991, the date of the transfer, as required under General Statutes § 52-552e(a)(2)(A) or (B). Further, the plaintiff failed to provide any evidence of said defendant's insolvency (as defined in General Statutes § 52-552c) despite alleging insolvency in both counts.
With respect to counts 2 and 4 alleging intentional fraudulent transfer, the plaintiff introduced undisputed evidence of two of the eleven so-called "badges of fraud" under General Statutes § 52-552e: that the transfer was to an "insider," the defendant's wife, and there was no consideration for the transfer. Despite this evidence, it is unlikely that the plaintiff can prevail on its claim of intentional fraudulent transfer in light of the countervailing evidence also introduced by plaintiff, which showed that the defendant suffered from serious health problems in 1991 such that he almost died several times that year and that his concern in transferring the properties was to avoid probate. See also Comment (5) to Section 4 of the Uniform Fraudulent Transfer Act, Uniform Laws Annotated, Volume 7A:
 Proof of the existence of any one or more of the factors enumerated in sub-section (b) may be relevant evidence as to the debtor's actual intent but does not create a presumption that the debtor has made a fraudulent transfer. . .
However, the court cannot say that as a matter of law evidence of the existence of two badges of fraud does not constitute a prima facie case. The motion to dismiss is therefore denied with respect to counts 2 and 4. Trial will resume on December 16, 1994 at 2 o'clock p. m.
CHRISTINE S. VERTEFEUILLE, J.